IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENNETH H. RAGER**                                                                              **PLAINTIFF**

**V.**                                                          **Civil Action No. 1:23-cv-139-HSO-BWR**

**FRANK KENDALL, SECRETARY OF**
**THE AIR FORCE**                                                                                  **DEFENDANT**

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT FRANK KENDALL'S**
**MOTION FOR SUMMARY JUDGMENT**

---

Rager admits, both in his Complaint (ECF No. 1 at ¶ 30) and in his response brief (ECF No. 31 at ¶¶29, 32-35), that he was provided with on-site ASL interpreters as requested. Rager's contention is that the reasonable accommodation took too long. This contention is not grounded in the undisputed facts of record, nor is it supported in law. Summary judgment is appropriate and Rager's complaint should be dismissed.

### I.  Response on Statement of Facts

**A.    Rager's Opposition to the Air Force's Statement of Facts**

While Rager generally contests *some* of the facts established by the Air Force, he does not specify *which* facts he accepts and those he contests. *See* ECF No. 31 at 1. This general opposition is insufficient to oppose specific facts put forward by the movant. *See* Fed. R. Civ. P. 56(c)(1). "A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, [or other places] . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute. . . ." *Id.; see Tatum v. Kelley,* 2012 WL

956409 at *2 (S.D. Miss. Mar. 20, 2012) ("A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute.").

Rager's general opposition amounts to an unsubstantiated assertion, and "unsubstantiated assertions are not competent summary judgment evidence." *Quick v. Strategic Restaurants Acquisition Co., Inc.,* 2013 WL 1305583 at *1 (S.D. Miss. Mar. 28, 2013) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.    The Air Force's Opposition to Rager's Statement of Facts**

Included in Rager's statement of facts is one unintentional misstatement (ECF No. 31 at 7 (¶¶ 33-35)) and one statement that needs clarification (*Id.* at ¶36).

### 1.    *Rager misstates the facts about his tests.*

Rager was given not one, but <u>two</u> opportunities to pass the Block 4 test (which is the first phase of the instructor training curriculum) with the assistance of ASL interpreters.[1] ECF No. 28 at 13-15.  The statement in question in Rager's response brief (*Id.* at ¶¶33-35) incorrectly paraphrases the documents he cites to. He claims that he took a test on April 27 (which is correct) and then another version of the test "in oral format" on May 3 (incorrect), while counting these two instances as one attempt with ASL interpreters. *Id.* at ¶¶ 33-34.  In fact, the document cited by Rager shows unequivocally that Rager was allowed two tests with ASL interpreters: once on April 27 (ECF No. 3-2 at USAF-159, ¶¶1-3), and then he was "retest[ed]" on May

---

[1] Rager cites to PL_0069, but this document shows too that there were two tests taken by Rager (both of which he failed) with ASL interpreters present. This "description of event[s]," shows that at the time of the first test *with ASL interpreters*, he had taken and failed several prior tests without the use of ALS interpreters. On April 27 he failed again "with the assistance" of ASL interpreters. Then, as this document plainly shows, on May 3 Rager "completed the retesting of the material" and again failed to obtain a passing grade. *Id.*

3, taking both another written test and an oral exam (*Id.* at ¶5). Mr. Malachi, Rager's supervisor, also clarified this very thing during his deposition. ECF No. 30-3, Depo. of Pedro Malachi at 80:2 – 81:20. Rager's misstatements do not create disputed facts.

The timeline and the documents at issue here are clear, unambiguous, and uncontroverted: From April 13 through May 3, Rager had on-site ASL interpreters. With these ASL interpreters present, Rager took the same Block 4 course again, received one-on-one instruction on the materials, and was able to ask questions and receive feedback. ECF No. 27-2 at USAF-96. On April 27, he was tested with ASL interpreters present. *Id.* He failed the test. *Id.* Rager requested permission to probationary continue and was approved to do so. ECF No. 27-7 at USAF-1030. He took the test for a second time, once again with ASL interpreters. *Id.*; ECF No. 27-2 at USAF-96. Once again, he failed the test. *Id.*; ECF No. 27-7 at USAF-1031.

### 2. *Rager never made a passing score on his first exam.*

Rager states that "[a]ll of Rager's test scores were used against him in deciding to terminate his employment," and while this is correct in one sense it could lead to confusion. ECF No. 31 at 7 (¶36). Rager failed every single test he took while at the Air Force. *See, e.g.,* ECF No. 27-2 at USAF-337-338; ECF No. 27-7 at USAF-1031. The document and deposition testimony cited by Rager shows this affirmatively—that each of his scores failed to meet the Air Force qualification standards. ECF No. 30-1, PL_214. He *never* made a passing score. In contrast with the implication present in this statement, Air Force instructor candidates are not entitled to, and the

Air Force in fact does not generally allow, multiple chances to pass the instructor qualification tests.[2] Further, there is no evidence in record to suggest that Rager's initial test scores (those received without ASL interpreters) somehow kept him from being qualified for the position—and his two failing test scores *with* the assistance of ASL interpreters definitively rules out this suggestion.

None of these issues raised by Rager create a factual dispute. Rager jumps from the clear statements in his employment records to divergent contentions or inferences that have not been supported by anything of record. These errors do not create a genuine issue of material fact.

## II. Response Argument

The Air Force relies on its arguments advanced in the initial brief and responds specifically to two contentions advanced in Rager's response brief: (1) the suggestion that the time it took to acquire ASL interpreters equates the discriminatory treatment or denial of a reasonable accommodation; and (2) Rager's non-specific response regarding comparators regarding his disparate treatment claim.

### A.   The alleged "delay" was not discriminatory and was not a denial.

A *delay* in providing a reasonable accommodation is not sufficient by itself to prove Rager's claim. The crux of the issue here is that there is no "denial" of the reasonable accommodation requested by Rager. He was provided with on-site ASL

---

[2] Captain Presswood testified that: "Students who fail at the same measurement twice are typically washed out of the program into less technical career fields. Mr. Rager had months with the material prior to taking the course with his interpreters, had a cyber background, and his only job was to learn the material. Ultimately, washing him out after two fails was treating him the same as anyone else." ECF No. 27-7 at USAF-1031.

interpreters. Rager's theory that "delay" is equal to denial cannot stand as a matter of law. Rager cites no case law to support his position of "undue delay." And, though Rager argues that he was "forced to begin his role" while waiting for ASL interpreters (ECF No. 31 at 12), this is not accurate. Though he was hired to teach, he began in training. And he was allowed to stay in training for numerous iterations of the course, while being paid, until ASL interpreters were acquired and approved. ECF No. 28 at 5-6.

The Fifth Circuit has held that "[n]othing in the regulations or the cases indicates to us that an employer must move with maximum speed to complete this process and preempt any possible concerns." *Schilling v. La Dept. of Transp.*, 662 Fed.Appx. 243, 246 (5th Cir. 2016) (quoting *Loulseged v. Azko Nobel, Inc.,* 178 F.3d 731, 737 (5th Cir. 1999)). A claim that an accommodation took too long, without more, cannot be supported as a matter of law. "A delay can be a denial, but only if defendant was motivated by discriminatory intent." *Blair v. SUNY Univ. of Buffalo*, 2020 WL 695870 at *7 (W.D.N.Y. Feb. 11, 2020) (citing cases).

There is nothing in the complaint or in the record to support the assertion that an allegedly unreasonable delay in providing ASL interpreters —which there was not—was "motivated by discriminatory intent, bad faith, or obstructionism." *Saunders v. Queensborough Cmty. Coll., Case* No. 13-cv-5617-PKC-RML, 2015 WL 5655719, at *7 (E.D.N.Y. Sept. 24, 2015). Communications between Rager and the Air Force before the Court show the opposite: that acquiring government contracts, approving funding, and locating ASL interpreters may have taken more time than

Rager liked, not that the Air Force was acting in bad faith or with discriminatory intent against Rager. *See* ECF No. 28 at 9 (§3.3), 15-16; *see also,* ECF No. 27-6 at USAF-185-187, 201-214; 560-565; 1592-1596; 1541-1553. In the end, Rager was provided the accommodation he requested, and he failed twice to pass the necessary exam.

**B.    Rager's lack of comparators.**

Rager argues, without citing to any supporting case law, that his fellow trainee classmates as a whole are comparators. As an initial matter, Rager sidesteps the fact that he did go through the same class, *with ASL interpreters,* as all of his classmates. *See* ECF No. 28 at 13.   And that he received the same written materials, the same online learning modules, and the same in-class instructions. *See* ECF No. 28 at 10-14.   Beyond this, Rager also received "specialized individual assistance," which was one-on-one instruction time, *with ASL interpreters* present, over and beyond what his other classmates received. *Id.* at 14.

But also, Rager does not name any classmate in particular, nor does he establish how any of these generic co-workers are similarly situated, which is required in the Fifth Circuit. The Court has nothing before it by which it could conclude that Rager has put forward a "nearly identical" comparator. *See Wheeler v. BL Development Corp.*, 415 F.3d 399, 406 (5th Cir. 2005) ("a plaintiff must demonstrate that a 'similarly situated' employee under 'nearly identical' circumstances, was treated differently"). Rager cannot bypass the requirement for specific evidence, particular comparators, by making a broad, conclusory assertion.

*See Silva v. Chertoff*, 512 F. Supp. 2d 792, 806 n. 33 (W.D. Tex. 2007) (citing Fifth Circuit cases to demonstrate that "[a]s its phrasing 'nearly identical' suggests, the Fifth Circuit narrowly construes the 'similarly situated' requirement").

This burden of production, which has not been met, is only the first step of the burden-shifting framework. Even assuming, *arguendo*, that Rager were able to point to a similarly-situated employee, the Air Force has demonstrated its legitimate, non-discriminatory reasons for terminating Rager's employment. *See* ECF No. 28 at 22.

### III.  Conclusion

Rager was given a reasonable accommodation (onsite ASL interpreters), and was allowed two more chances to pass the qualifying examination for his position. Yet, he failed to qualify. He was objectively unqualified to be an Air Force computer science instructor. Summary judgment should be granted.

Dated: July 22, 2024

Respectfully submitted,

TODD W. GEE
United States Attorney

By: *s/Andrew R. Norwood*
Andrew R. Norwood (MSBN 105087)
Assistant United States Attorney
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
601-973-2821 (Phone)
601-965-4409 (Fax)
drew.norwood@usdoj.gov

*Counsel for Frank Kendall, Secretary of the Air Force*

## **Certificate of Service**

I, Andrew R. Norwood, hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notice and a copy of this document to all parties requesting notice.

Dated: July 22, 2024                        /s/ *Andrew R. Norwood*
                                                            Andrew R. Norwood